## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

ARTEM GENCHANOK,                       CIVIL ACTION
**INDIVIDUALLY AND ON BEHALF**
**OF ALL OTHERS SIMILARLY**
**SITUATED**

**VERSUS**                                NO:  15-5127

**FANDUEL, INC., AND**                SECTION: "S" (4)
**DRAFTKINGS, INC.**

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Joint Motion to Stay Proceedings Pending Judicial Panel on Multidistrict Litigation ("JPML") Determination filed by defendants, FanDuel, Inc. and DraftKings, Inc. (Doc. #10), is **GRANTED**, and this matter is **STAYED AND ADMINISTRATIVELY CLOSED** pending the JPML's decision on consolidation and transfer regarding this case and related cases pending in other United States District Courts.

### BACKGROUND

The matter is before the court on a joint motion to stay filed by defendants, FanDuel, Inc. and DraftKings, Inc.  Defendants argue that this court should stay these proceedings pending a decision of the JPML regarding the consolidation and transfer of this case and related cases pending in other United States District Courts.

Plaintiff, Artem Genchanok, filed this putative class action on behalf of himself and all others similarly situated, against FanDuel and DraftKings alleging that defendants violated the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.*, state consumer protection laws, the uniform deceptive trade practices act enacted in several states, and the Louisiana laws of redhibition and unjust enrichment.  FanDuel and DraftKings run websites on which individuals pay an entrance fee and compete against other individuals in fantasy sports games

on a daily basis for cash prizes. Genchanok alleges that FanDuel and DraftKings deceptively advertise their contests as fair games of skill, where, in reality, most of the winnings go to a few individuals, some of whom use inside information to compete unfairly. Specifically, Genchanok claims that employees of FanDuel use statistics and information they gain from their employment to compete in contests on the DraftKings website, and vice-a-versa, creating an unfair advantage.

There are currently over thirty other similar cases pending in federal district courts around the country. On October 15, 2015, a plaintiff in one of the cases filed a petition before the JPML to have the daily fantasy sports cases brought before one court under the multidistrict litigation ("MDL") procedure. On October 17 and 18, 2015, two more such petitions were filed. The JPML will likely hear these petitions on January 28, 2016.[1]

FanDuel and DraftKings argue that this case should be stayed pending a decision of the JPML regarding consolidation and transfer of the related actions to conserve judicial resources and prevent undue prejudice to them of having to answer multiple lawsuits in multiple jurisdictions regarding the same nucleus of facts. They contend that they will file a motion to compel arbitration

---

[1] The case pending in the United States District Court for the Western District of Kentucky has been stayed pending a decision of the JPML. Allgeier v. DraftKings, Inc., C/A No. 15-798 (W.D. Ky.). The United States District Court for the Southern District of Illinois has denied defendants' motion to stay in one of the cases pending in that court. Guarino v. DraftKings, Inc., C/A No. 15-1123 (S.D. Ill.). There are motions to stay pending in three other district court cases. Gardner v. DraftKings, Inc., C/A No. 15-12320 (D. Mass.); Haroldson v. DraftKings, Inc., C/A No. 15-13581 (D. Mass); Johnson v. FanDuel, Inc., 15-7963 (S.D.N.Y.). In Belton v. FanDuel, Inc., C/A No. 15-8234 (S.D.N.Y), defendants filed a letter into the record stating that they intend to file a motion to stay. In Spiegel v. FanDuel, Inc., C/A No. 15-8142 (C.D. Cal.), the court entered an order based on the parties' stipulation that the defendants are not required to answer or otherwise respond to the complaint until either (a) a date set by the transferee court if the matter is transferred to an MDL or (b) 30 days after the MDL Panel issues an order denying multi-district coordination.

in all of the actions, and this motion should be heard by one court if the matter is consolidated by the JPML.

Genchanok opposes defendants' motion to stay arguing that, regardless of whether the case is consolidated by the JPML, this court can handle initial pleadings and pretrial discovery matters while the motion to transfer is pending before the JPML. Genchanok argues that he will be prejudiced by a stay because of the delay in waiting for the JPML to rule. Further, Genchanok argues that a stay will not serve the interest of judicial economy because the JPML may deny the motion to consolidate, any proceedings in this action will benefit all parties because the information gained can be shared with other plaintiffs if consolidation is ordered, and the JPML may order that the case be heard in the United States District Court for the Eastern District of Louisiana, as Genchanok has requested.

## ANALYSIS

The district court has discretion to determine whether to temporarily stay a case pending the JPML's decision regarding the consolidation and transfer of a matter. Landis v. N. Am. Co., 57 S.Ct. 163, 166 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for the litigants."). Although the district court is not divested of jurisdiction over a case when there is a motion to transfer pending before the JPML, "[c]ourts frequently grant stays in cases when a MDL decision is pending." Cajun Offshore Charters, LLC v. BP Prods. N. Am., Inc., 2010 WL 2160292, at *1 (E.D. La. 5/25/2010) (collecting cases) (citations omitted). When considering whether to stay an action pending a JPML decision, the district court considers: (1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action

is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated. Id.

In this case, the defendants have demonstrated that they would be subject to hardship if the action is not stayed, and that a stay is in the interest of judicial economy. There are over thirty similar actions pending in the United States District Courts, and there are three motions pending before the JPML for transfer and consolidation of these matters. The defendants would face hardship by proceeding in all of those matters before the JPML has rendered its decision. Further, defendants stated that they will file motions to compel arbitration in all of the related cases.[2] Determining whether the plaintiffs' claims are subject to arbitration is a matter that would be more efficiently handled by one court if the JPML determines that consolidation and transfer is warranted. Also, such a procedure would reduce the risk of conflicting rulings regarding arbitration. Further, plaintiff has not cited any particular prejudice that would result from a stay. Therefore, a stay of these proceedings pending a decision of the JPML on consolidation and transfer is warranted, and defendants' motion is GRANTED.

## CONCLUSION

**IT IS HEREBY ORDERED** that the Joint Motion to Stay Proceedings Pending Judicial Panel on Multidistrict Litigation ("JPML") Determination filed by defendants, FanDuel, Inc. and DraftKings, Inc. (Doc. #10), is **GRANTED**, and this matter is **STAYED AND ADMINISTRATIVELY CLOSED** pending the JPML's decision on consolidation and transfer regarding this case and related cases pending in other districts.

---

[2] Defendants have filed a motion to compel arbitration in Gardner v. DraftKings, Inc., C/A No. 15-12320 (D. Mass.).

4

New Orleans, Louisiana, this ___1st___ day of December, 2015.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**